# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **CELEBRATION IP, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**DIODES INCORPORATED,**<br><br>Defendant. | Civil Action No. 2:20-cv-00120<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT DIODES INCORPORATED'S ORIGINAL ANSWER AND COUNTERCLAIMS

Defendant Diodes Incorporated ("Defendant" or "Diodes") submits its answer and defenses to Plaintiff Celebration IP LLC's ("Plaintiff" or "Celebration") Original Complaint.

Diodes' reproduction below of the headings and paragraphs set forth in the Complaint is solely for the purpose of convenience and is not, and should not be construed as, an admission by Diodes that any allegation or other statements in the headings or the paragraphs of the Complaint, whether explicit or implied, are true, correct, or admitted by Diodes. All allegations in Celebration's Complaint, including those in the headings, that Diodes does not expressly admit or deny in this Answer are specifically denied by Diodes.

## PARTIES

1. Plaintiff Celebration IP LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6009 W Parker Rd, Ste 149 - 1091, Plano, TX 75093-8121.

**Diodes' Response:** Diodes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

1

2. Defendant Diodes Incorporated is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 4949 Hedgcoxe Rd Ste 200 Plano, TX 75024.

**Diodes' Response:** Diodes admits the allegations contained in this paragraph.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**Diodes' Response:** Diodes admits that Celebration's Complaint purports to be an action for patent infringement under Title 35 of the United States Code, but Diodes denies any liability for patent infringement.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**Diodes' Response:** Diodes states that the question of subject matter jurisdiction is a conclusion of law, rather than a statement of fact, to which no response is required. To the extent a response is required, Diodes does not contest that this Court has subject matter jurisdiction over patent disputes arising under the patent laws of the United States. Diodes denies that it has committed or continues to commit any acts of patent infringement in this District or elsewhere.

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

**Diodes' Response:** Diodes does not contest that it is subject to the personal jurisdiction of this Court. Diodes admits that it is headquartered in the State of Texas and that it regularly conducts

business within the State of Texas and within this District. Diodes denies it has committed any acts of infringement, in this district or elsewhere.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, Plaintiff has suffered harm in this district.

**Diodes' Response:** Diodes does not contest that venue is proper in this District, but Diodes denies that it has committed any acts of patent infringement in this District or elsewhere. Diodes admits that it has a regular and established place of business in this District. Diodes denies that Plaintiff has suffered harm in this District.

## PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 6,346,795 (the "'795 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

**Diodes' Response:** Diodes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

### The '795 Patent

8. The '795 Patent is entitled "Discharge control circuit of batteries," and issued 2/12/2002. The application leading to the '795 Patent was filed on 1/26/2001. A true and correct copy of the '795 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

**Diodes' Response:** Diodes admits that, on its face, the '795 Patent appears to have been filed on

January 26, 2001, issued February 12,2002, and entitled "Discharge Control, Circuit of Batteries." Diodes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them.

9. The '795 Patent is valid and enforceable.

**Diodes' Response:** Diodes denies the allegations contained in this paragraph.

## COUNT 1: INFRINGEMENT OF THE '795 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

**Diodes' Response:** Diodes incorporates by reference its answers to paragraphs 1 through 9 as if fully set forth herein.

11. Direct Infringement. Defendant has been and continues to directly infringe one or more claims of the '795 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '795 Patent also identified in the charts incorporated into this Count below (the "Exemplary '795 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '795 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**Diodes' Response:** Diodes denies the allegations contained in this paragraph.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '795 Patent Claims, by having its employees internally test and use these Exemplary Products.

**Diodes' Response:** Diodes denies the allegations contained in this paragraph.

13. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

**Diodes' Response:** Diodes denies the allegations contained in this paragraph.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '795 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '795 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '795 Patent.

**Diodes' Response:** Diodes denies the allegations contained in this paragraph.

15. Induced Infringement. Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '795 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more of the '795 Patent.

**Diodes' Response:** Diodes denies the allegations contained in this paragraph.

16. Contributory Infringement. Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '795 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '795 Patent. Moreover, the Exemplary Defendant Products are not a staple article of commerce suitable for substantial non-infringing use.

**Diodes' Response:** Diodes denies the allegations contained in this paragraph.

17. Exhibit 2 includes charts comparing the Exemplary '795 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '795 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '795 Patent Claims.

**Diodes' Response:** Diodes denies the allegations contained in this paragraph.

18. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

**Diodes' Response:** Diodes denies the allegations contained in this paragraph.

19. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**Diodes' Response:** Diodes denies the allegations contained in this paragraph.

## JURY DEMAND

20. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**Diodes' Response:** No response to Demand for Jury Trial is necessary.

## PRAYER FOR RELIEF

FOR THESE REASONS, Diodes respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. Enter judgment and a declaration that the claims of the Patent-in-Suit is invalid and unenforceable;

B. Deny each request for relief made by Celebration;

C. Enter an order declaring that this is an exceptional case and awarding Diodes its costs, expenses, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

D. Dismiss Plaintiff's Complaint against Diodes with prejudice; and

E. Any such other relief as the Court may deem appropriate and just under the circumstances.

**Diodes' Response:** No response to the Prayer for Relief is necessary. To the extent a response is required, Diodes denies that Celebration is entitled to any of the requested relief against Diodes.

## DEFENSES

Diodes asserts the following defenses to Celebration's claims without admitting or acknowledging that it bears the burden of proof as to any of the defenses asserted. Diodes reserves the right to amend its Answer to add additional defenses.

### FIRST DEFENSE: NON-INFRINGEMENT

Diodes does not infringe and has never infringed any valid and enforceable claim of the '795 Patent under any theory—including directly, indirectly, jointly with any other person or entity, by inducement, contributorily, or otherwise under any section of 35 U.S.C. § 271 (either literally or under the doctrine of equivalents)—and as such, is without any liability to Celebration.

### SECOND DEFENSE: INVALIDITY

Each claim of the '795 Patent is invalid for failure to comply with the requirements of the patent laws of the United States, including provisions of 35 U.S.C. §§ 101, 102, 103, or 112.

### THIRD DEFENSE: LIMITATION ON DAMAGES

Any recovery of damages by Celebration is limited in whole or in part by 35 U.S.C. §§ 252, 286, 287, and/or 288.

### FOURTH DEFENSE: EQUITABLE DEFENSES

Celebration's claims for relief concerning the '795 Patent are barred, in whole or in part, under the principles of equity, including waiver, estoppel, acquiescence, intervening rights, disclaimer, inequitable conduct, and/or unclean hands.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Diodes has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action. Diodes reserves the right to amend, or seek to amend, its answer, including its affirmative and other defenses.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Diodes Incorporated ("Diodes") counterclaims against Celebration IP, LLC ("Celebration") and, in support thereof, allege the following:

## PARTIES

1. Counterclaim-Plaintiff Diodes is a Delaware corporation with a principal place of business at 4949 Hedgcoxe Road, Suite 200, Plano, Texas 75024.

2. Upon information and belief, Counterclaim-Defendant Celebration is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6009 W Parker Rd, Ste 149 - 1091, Plano, TX 75093-8121.

## JURISDICTION AND VENUE

3. This is an action for declaratory judgment of invalidity of '795 Patent ("Patent-in-Suit"). This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4. Venue is proper in the Eastern District of Texas, under 28 U.S.C. §§ 1391 and 1400, as a result of Celebration having filed this action in this District. By filing its Complaint in this

District, Celebration has consented to personal jurisdiction and venue.

## BACKGROUND

5. On April 24, 2020, Celebration filed suit against Diodes, claiming infringement of the '795 Patent.

6. In its Complaint, Celebration alleges it is the owner of the right, title and interest in and to the '795 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '795 Patent. Complaint (ECF No. 1) ¶7.

7. An actual, substantial, and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Celebration and Diodes concerning infringement and validity of the '795 Patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**A. Diodes Does Not Infringe the '795 Patent**

8. Celebration's Complaint alleges that "Exemplary Defendant Products" allegedly made, used, offered to sell, sold and/or imported by Diodes infringe certain "Exemplary '795 Patent Claims."

9. Celebration's Complaint defines the "Exemplary Defendant Products" as products identified in the chart attached as Exhibit 2 to the Complaint. Exhibit 2 specifically identifies only one product as allegedly infringing the '795 patent: Diodes AP92111 ("the Accused Product"). The Complaint and exhibits thereto do not specifically identify or include infringement analysis regarding any other Diodes product.

10. Celebration's Complaint defines the "Exemplary '795 Patent Claims" as the exemplary claims identified in the chart attached as Exhibit 2 to the Complaint. Exhibit 2 specifically identifies only claim 1 of the '795 patent as allegedly infringed. Neither the Complaint nor the

exhibits thereto specifically identify or provide infringement analysis regarding any other claim of the '795 patent.

11. Claim 1 of the '795 patent requires a control circuit for generating a discharge stop signal to deactivate a discharge control switch for cutting off a discharge current of a battery when the voltage of at least one cell in the battery reaches a lower limit. Claim 1 further recites that the control circuit "includes a switch holding circuit for continuously supplying the discharge stop signal to the discharge control switch for a ***predetermined time*** after the discharge stop signal is generated" (emphasis added).

12. The datasheet for the Accused Product cited in Exhibit 2 of Celebration's Complaint points to the a circuit and Overcharge Release Delay Time ($T_{DLR}$) as satisfying the limitation of "a switch holding circuit (e.g., delay generating circuit) for continuously supplying the discharge stop signal to the discharge control switch (e.g., MOSFET switch) for a predetermined time (e.g., delay time set by the circuit) after the discharge stop signal is generated." However, the Overcharge Release Delay Time ($T_{DLR}$) is not a "predetermined time after the discharge stop signal is generated" during which the discharge stop signal is "continuously suppl[ied]" to a discharge control switch, as claim 1 requires.

13. The Accused Product also does not contain any circuit that "continuously" supplies any "discharge stop signal" to a "discharge control switch for a predetermined time after the discharge stop signal is generated."

14. Further, the Accused Product does not generate a "discharge stop signal that deactivates the discharge control switch ***when*** a voltage of at least one cell reaches a lower limit."

15. For at least these reasons, the Accused Product does not infringe claim 1 of the '795 patent.

16. The only other independent claims of the '795 patent, claims 4 and 11, include similar

requirements. Claim 4 of the '795 patent recites "a latch circuit connected to the delay time setting circuit for latching the discharge stop signal and supplying the discharge control switch with the latched discharge stop signal, wherein the delay time setting circuit includes a switch holding circuit for invalidating the cell voltage detection signal for a second predetermined time after the latched discharge stop signal is supplied and continuously supplying the latched discharge stop signal for the second predetermined time. Similarly, claim 11 recites "a first latch circuit connected to the delay time setting circuit for latching the discharge stop signal and supplying the discharge control switch with the latched discharge stop signal; and a second latch circuit connected to the first latch circuit for performing a set operation in response to the latched discharge control signal and invalidating a reset operation of the first latch circuit for a second predetermined time after the latched discharge stop signal is supplied. The Accused Product does not satisfy at least these elements of claims 4 and 11.

### B. The '795 Patent Is Invalid

17. U.S. Patent No. 5,397,974 to Tamai, *et al.* ("the '974 patent") was filed on January 18, 1994; claims priority to Japanese patent applications dated January 19, 1993 and March 10, 1993; and issued on March 14, 1995. It is therefore prior art to the '795 patent under at least pre-AIA 35 U.S.C. § 102(b).

18. As shown in the chart attached hereto as Exhibit A, which is incorporated by reference herein, at least under Celebration's interpretation of the claims, the '974 patent, alone or in combination with other prior art, discloses or renders obvious each and every element of at least claim 1 of the '795 patent.

19. U.S. Patent No. 5,959,437 to Hamaguchi ("the '437 patent") was filed February 9, 1998, claims priority to a Japanese patent application dated February 10, 1997, and issued on September 28, 1999. It is therefore prior art to the '795 patent under at least pre-AIA 35 U.S.C.

§ 102(e).

20. As shown in the chart attached hereto as Exhibit B, which is incorporated by reference herein, at least under Celebration's interpretation of the claims, the '437 patent, alone or in combination with other prior art, discloses or renders obvious each and every element of at least claim 1 of the '437 patent.

21. Accordingly, at least claim 1 of the '795 patent is invalid under 35 U.S.C. §§ 102 and/or 103 at least under Celebration's interpretation of the claim.

## COUNT ONE

**(DECLARATORY JUDGMENT OF NON-INFRINGMENT OF THE '795 PATENT)**

22. Diodes incorporates paragraphs 1–23 of its Counterclaims as if fully set forth herein.

23. Diodes does not infringe any claim of the '795 patent, either literally or under the doctrine of equivalents.

24. An actual, substantial controversy regarding infringement of the '795 patent exists between Celebration and Diodes of sufficient immediacy and reality to warrant issuance of declaratory judgment.

25. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Diodes is entitled to a declaration by the Court that it does not infringe and has not infringed any claims of the '795 patent and any further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT TWO

**(DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '795 PATENT)**

26. Diodes incorporates paragraphs 1–23 of its Counterclaims as if fully set forth herein.

27. As shown in Exhibits A and B, at least under Celebration's interpretation of the claims, one or more claims of the '795 patent is invalid under at least 35 U.S.C. §§ 102 and/or 103.

28. An actual, substantial controversy regarding invalidity of the '795 patent exists between Celebration and Diodes of sufficient immediacy and reality to warrant issuance of declaratory judgment.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Diodes is entitled to a declaration by the Court that the claims of the '795 patent are invalid and any further necessary or proper relief based on the Court's declaratory judgment or decree.

## **DEMAND FOR JURY TRIAL**

30. Diodes demands a jury trial on all issues that may be so tried.

## **PRAYER FOR RELIEF**

For these reasons, Diodes respectfully requests that this Court enter judgment in its favor and grant the following relief:

a) Enter judgment that Diodes does not and has not infringed any valid and enforceable claim of any of the '795 Patent under any theory—including directly, indirectly, jointly with any other person or entity, by inducement, contributorily, or otherwise under any section of 35 U.S.C. § 271 (either literally or under the doctrine of equivalents);

b) Enter judgment and a declaration that the claims of the '795 Patent are invalid and unenforceable;

c) Deny each request for relief made by Celebration;

d) Enter an order declaring that this is an exceptional case and award Diodes its costs, expenses, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

e) Dismiss Celebration's Complaint against Diodes with prejudice; and

f) Any such other relief as the Court may deem appropriate and just under the

circumstances.

Dated: September 25, 2020  Respectfully submitted,

*/s/ Amanda A. Abraham*
Amanda A. Abraham
Texas Bar No. 24055077
Email: aa@rothfirm.com
Carl R. Roth
Texas Bar No. 17312000
Email: cr@rothfirm.com
**ROTH LAW FIRM, PC**
115 North Wellington, Suite 200
Marshall, Texas 75670
Telephone 903-935-1665
Fax 903-935-1797

**ATTORNEYS FOR DEFENDANT DIODES INCORPORATED**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 25th day of September, 2020. Any other counsel of record will be served by facsimile transmission and/or first-class mail.

*/s/ Amanda A. Abraham*
Amanda A. Abraham