IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CELEBRATION IP, LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>DIODES INCORPORATED,<br><br>      Defendant. | Case No. 2:20-cv-00120-JRG-RSP |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

**PARTIES**

1. Counterclaim-Plaintiff Diodes is a Delaware corporation with a principal place of business at 4949 Hedgcoxe Road, Suite 200, Plano, Texas 75024.

ANSWER:  Admitted.

2. Upon information and belief, Counterclaim-Defendant Celebration is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6009 W Parker Rd, Ste 149 - 1091, Plano, TX 75093-8121.

ANSWER:  Admitted.

**JURISDICTION AND VENUE**

3. This is an action for declaratory judgment of invalidity of '795 Patent ("Patent-in-Suit"). This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

ANSWER:  Admitted.

4. Venue is proper in the Eastern District of Texas, under 28 U.S.C. §§ 1391 and

1

1400, as a result of Celebration having filed this action in this District. By filing its Complaint in this District, Celebration has consented to personal jurisdiction and venue.

ANSWER:  Admitted.

## BACKGROUND

5. On April 24, 2020, Celebration filed suit against Diodes, claiming infringement of the '795 Patent.

ANSWER:  Admitted.

6. In its Complaint, Celebration alleges it is the owner of the right, title and interest in and to the '795 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '795 Patent. Complaint (ECF No. 1) ¶7.

ANSWER:  Admitted.

7. An actual, substantial, and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Celebration and Diodes concerning infringement and validity of the '795 Patent.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

ANSWER:  Admitted that an actual, substantial, and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Celebration and Diodes concerning infringement and validity of the '795 Patent, the rest is denied.

### A. Diodes Does Not Infringe the '795 Patent

8. Celebration's Complaint alleges that "Exemplary Defendant Products" allegedly made, used, offered to sell, sold and/or imported by Diodes infringe certain "Exemplary '795 Patent Claims."

ANSWER:  Admitted.

2

9. Celebration's Complaint defines the "Exemplary Defendant Products" as products identified in the chart attached as Exhibit 2 to the Complaint. Exhibit 2 specifically identifies only one product as allegedly infringing the '795 patent: Diodes AP92111 ("the Accused Product"). The Complaint and exhibits thereto do not specifically identify or include infringement analysis regarding any other Diodes product.

ANSWER:  Denied.

10. Celebration's Complaint defines the "Exemplary '795 Patent Claims" as the exemplary claims identified in the chart attached as Exhibit 2 to the Complaint. Exhibit 2 specifically identifies only claim 1 of the '795 patent as allegedly infringed. Neither the Complaint nor the exhibits thereto specifically identify or provide infringement analysis regarding any other claim of the '795 patent.

ANSWER:  Denied.

11. Claim 1 of the '795 patent requires a control circuit for generating a discharge stop signal to deactivate a discharge control switch for cutting off a discharge current of a battery when the voltage of at least one cell in the battery reaches a lower limit. Claim 1 further recites that the control circuit "includes a switch holding circuit for continuously supplying the discharge stop signal to the discharge control switch for a *predetermined time* after the discharge stop signal is generated" (emphasis added).

ANSWER:  Admitted to the extent of the quoted claim language, denied as to the rest.

12. The datasheet for the Accused Product cited in Exhibit 2 of Celebration's Complaint points to the a circuit and Overcharge Release Delay Time ($T_{DLR}$) as satisfying the limitation of "a switch holding circuit (e.g., delay generating circuit) for continuously supplying the discharge stop signal to the discharge control switch (e.g., MOSFET switch) for a predetermined time (e.g., delay time set by the circuit) after the discharge stop signal is generated."

3

However, the Overcharge Release Delay Time ($T_{DLR}$) is not a "predetermined time after the discharge stop signal is generated" during which the discharge stop signal is "continuously suppl[ied]" to a discharge control switch, as claim 1 requires.

ANSWER:  Denied.

13. The Accused Product also does not contain any circuit that "continuously" supplies any "discharge stop signal" to a "discharge control switch for a predetermined time after the discharge stop signal is generated."

ANSWER:  Denied.

14. Further, the Accused Product does not generate a "discharge stop signal that deactivates the discharge control switch *when* a voltage of at least one cell reaches a lower limit."

ANSWER:  Denied.

15. For at least these reasons, the Accused Product does not infringe claim 1 of the '795 patent.

ANSWER:  Denied.

16. The only other independent claims of the '795 patent, claims 4 and 11, include similar requirements. Claim 4 of the '795 patent recites "a latch circuit connected to the delay time setting circuit for latching the discharge stop signal and supplying the discharge control switch with the latched discharge stop signal, wherein the delay time setting circuit includes a switch holding circuit for invalidating the cell voltage detection signal for a second predetermined time after the latched discharge stop signal is supplied and continuously supplying the latched discharge stop signal for the second predetermined time. Similarly, claim 11 recites "a first latch circuit connected to the delay time setting circuit for latching the discharge stop signal and supplying the discharge control switch with the latched discharge stop signal; and a second latch circuit connected to the first latch circuit for performing a set operation in response to the latched

discharge control signal and invalidating a reset operation of the first latch circuit for a second predetermined time after the latched discharge stop signal is supplied. The Accused Product does not satisfy at least these elements of claims 4 and 11.

ANSWER:  Denied.

### B. The '795 Patent Is Invalid

17. U.S. Patent No. 5,397,974 to Tamai, *et al*. ("the '974 patent") was filed on January 18, 1994; claims priority to Japanese patent applications dated January 19, 1993 and March 10, 1993; and issued on March 14, 1995. It is therefore prior art to the '795 patent under at least pre-AIA 35 U.S.C. § 102(b).

ANSWER:  Admitted.

18. As shown in the chart attached hereto as Exhibit A, which is incorporated by reference herein, at least under Celebration's interpretation of the claims, the '974 patent, alone or in combination with other prior art, discloses or renders obvious each and every element of at least claim 1 of the '795 patent.

ANSWER:  Denied.

19. U.S. Patent No. 5,959,437 to Hamaguchi ("the '437 patent") was filed February 9, 1998, claims priority to a Japanese patent application dated February 10, 1997, and issued on September 28, 1999. It is therefore prior art to the '795 patent under at least pre-AIA 35 U.S.C. § 102(e).

ANSWER:  Denied.

20. As shown in the chart attached hereto as Exhibit B, which is incorporated by reference herein, at least under Celebration's interpretation of the claims, the '437 patent, alone or in combination with other prior art, discloses or renders obvious each and every element of at least claim 1 of the '437 patent.

ANSWER: Denied.

21. Accordingly, at least claim 1 of the '795 patent is invalid under 35 U.S.C. §§ 102 and/or 103 at least under Celebration's interpretation of the claim.

ANSWER: Denied.

### COUNT ONE

### (DECLARATORY JUDGMENT OF NON-INFRINGMENT OF THE '795 PATENT)

22. Diodes incorporates paragraphs 1–23 of its Counterclaims as if fully set forth herein.

ANSWER: Plaintiff incorporates answers to paragraphs 1–23 of its Counterclaims as if fully set forth herein.

23. Diodes does not infringe any claim of the '795 patent, either literally or under the doctrine of equivalents.

ANSWER: Denied.

24. An actual, substantial controversy regarding infringement of the '795 patent exists between Celebration and Diodes of sufficient immediacy and reality to warrant issuance of declaratory judgment.

ANSWER: Denied.

25. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Diodes is entitled to a declaration by the Court that it does not infringe and has not infringed any claims of the '795 patent and any further necessary or proper relief based on the Court's declaratory judgment or decree.

ANSWER: Denied.

### COUNT TWO

### (DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '795 PATENT)

26. Diodes incorporates paragraphs 1–23 of its Counterclaims as if fully set forth herein.

ANSWER:  Plaintiff incorporates answers to paragraphs 1–23 of its Counterclaims as if fully set forth herein.

27. As shown in Exhibits A and B, at least under Celebration's interpretation of the claims, one or more claims of the '795 patent is invalid under at least 35 U.S.C. §§ 102 and/or 103.

ANSWER:  Denied.

28. An actual, substantial controversy regarding invalidity of the '795 patent exists between Celebration and Diodes of sufficient immediacy and reality to warrant issuance of declaratory judgment.

ANSWER:  Denied.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Diodes is entitled to a declaration by the Court that the claims of the '795 patent are invalid and any further necessary or proper relief based on the Court's declaratory judgment or decree.

ANSWER:  Denied.

## DEMAND FOR JURY TRIAL

30. Diodes demands a jury trial on all issues that may be so tried.

ANSWER:  No answer is required.

## PRAYER FOR RELIEF

For these reasons, Diodes respectfully requests that this Court enter judgment in its favor and grant the following relief:

a) Enter judgment that Diodes does not and has not infringed any valid and enforceable claim of any of the '795 Patent under any theory—including directly, indirectly, jointly with any other person or entity, by inducement, contributorily, or otherwise under any section of 35 U.S.C. § 271 (either literally or under the

7

      doctrine of equivalents);

b)     Enter judgment and a declaration that the claims of the '795 Patent are invalid and unenforceable;

c)     Deny each request for relief made by Celebration;

d)     Enter an order declaring that this is an exceptional case and award Diodes its costs, expenses, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

e)     Dismiss Celebration's Complaint against Diodes with prejudice; and

f)     Any such other relief as the Court may deem appropriate and just under the circumstances.

ANSWER:  Denied.

Dated: October 16, 2020                Respectfully submitted,

/s/ *Isaac Rabicoff*___
Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Celebration IP, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 16th day of October, 2020. Any other counsel of record will be served by facsimile transmission and/or first-class mail.

<u>/s/ Isaac Rabicoff</u><br>
Isaac Rabicoff